# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DARYL and SHARON COVEY, as parents )
and next friends of Minor Children, )
D.C. and M.C., et al., )
                                               )
                Plaintiffs, )
                                               )
vs. )       Case No. CIV-09-1151-M
                                               )
LEXINGTON PUBLIC SCHOOLS aka )
IND. SCHOOL DIST. NO. 57 OF )
CLEVELAND COUNTY, OKLAHOMA, )
et al., )
                                               )
                Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Maintain Style of Case or Substitute [sic] Representative Parties and to Maintain Anonymity of Children Plaintiffs for Good Cause [docket no. 54], filed June 23, 2010. On June 24, 2010, defendants Daryl and Lisa Christy filed their response, and on July 14, 2010, the remaining defendants filed their response. No replies were filed. As these matters are ripe for adjudication, the Court makes its determination.

Plaintiffs commenced this action on behalf of their children to recover for alleged violations of law while the children attended Lexington Public Schools. The children of plaintiffs, D.C., M.C. and C.P., were all minors at the time they were enrolled. In the motion to maintain style or substitute parties, plaintiffs seek relief because two of the children, D.C. and C.P., are no longer minors. In January 2009, Notices of Tort Claims concerning D.C., M.C. and C.P. were sent to defendants. During this time, all children were minors. However, D.C. turned 18 years old during the statutory waiting period before the filing of the instant suit. Plaintiffs continued use of the style from the tort notice on the instant case, reflecting that D.C. was a minor. Also, another of plaintiffs'

children, C.P., has turned 18 years old during the pendency of this suit, and the remaining child, M.C., will turn 18 years old in October 2010. Plaintiffs request that the names of D.C., M.C. and C.P. not be published in the style of this federal case, and that their initials be used in light of the fact they are members of a vulnerable population and still count on their parents to represent their interests. Further, plaintiffs assert that defendants have been on notice of this lawsuit since January 2009, such that the claims relate back to the tort claim notice.

Rule 17 of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." Furthermore, Rule 17(c) provides that a representative may sue on behalf of a minor. Rule 17(a)(3), however, also provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

Applying these principles to this case, it appears that plaintiffs lack the authority to pursue claims on behalf of D.C. and C.P. The children's ages at the time of the filing of the Notice of Tort Claim are irrelevant to their ability to bring suit in their own names at the time this action was filed. Neither D.C. nor C.P. are minors, and plaintiffs have alleged no other basis to allow claims to be pursued on their behalf. As D.C. and C.P. have reached the age of majority, the Court finds it would be improper to maintain the current style of the case, keep D.C. and C.P. anonymous or substitute their parents in this action on their behalf. This determination, however, does not apply to M.C. whose parents may continue to represent his interest until he reaches the age of majority.

Further, the Court finds that the provision which warrants that D.C. and C.P. pursue this litigation in their own full legal names, also provides that the Court allow reasonable time for the real parties in interest to be substituted for their parents, such that the action relates back to the original filing by their parents.[1] The Court, therefore, allows reasonable time until September 20, 2010, for the real parties in interest to appear in this action.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the instant motion as follows:

(1) The Court GRANTS the motion to maintain style of the case as related to M.C.;

(2) The Court DENIES the motion to maintain style and substitute representative parties as related to D.C. and C.P.; and

(3) The Court DIRECTS that any real parties in interest appear in this action by September 20, 2010.

**IT IS SO ORDERED this 31st day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to review the issue of jurisdiction over D.C.'s claims until reasonable time has passed for the real parties in interest to enter into the case. The Court will later review this and the remaining arguments asserted in the motions to dismiss.