IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARYL COVEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1151-M |
| | ) | |
| LEXINGTON PUBLIC SCHOOLS aka | ) | |
| IND. SCHOOL DIST. NO. 57 OF | ) | |
| CLEVELAND COUNTY, OKLAHOMA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss First Amended Complaint and Brief in Support [docket no. 45], filed May 17, 2010. On June 21, 2010, plaintiffs filed their response, and on June 29, 2010, defendants filed their reply. Also before the Court is defendant Lisa Christy's Partial Motion to Dismiss [docket no. 47], filed May 17, 2010. On June 21, 2010, plaintiffs filed their response. No reply was filed. Based upon the parties' submissions, the Court makes its determination.

I. INTRODUCTION[1]

Plaintiffs Christina Parker, David Covey and Michael Covey were students in the Lexington Public Schools and were all minors at the time they were enrolled. David Covey is diagnosed with attention deficit disorder, and Christina Parker is diagnosed with spondylothesis, a severe spinal disability. Defendant Daryl Christy served as band director and/or teacher to the student plaintiffs

---

[1] While these facts are based upon the First Amended Complaint, the Court would note that on November 22, 2010, plaintiffs filed a Second Amended Complaint which varies to the extent that the latter includes the now adult student plaintiffs' full names in the style of case, since they have all reached the age of majority.

at all time relevant to this litigation. Plaintiffs assert that defendant Daryl Christy forced Christina Parker, David Covey and Michael Covey to endure harsh military style physical treatment such as running an excessive amount of laps, performing wall squats, pushups and sit ups for punishment even though he knew Christina Parker, in particular, suffered from a spinal condition. Allegedly, defendant Daryl Christy publicly referred to David Covey and Christina Parker who are students with special needs as idiots instead of calling them by name, and repeatedly publicly demeaned them in front of other children.

Plaintiffs complained of these actions and met with officials of Lexington Public Schools, but assert that defendants[2] failed to take action. Because David Covey, Michael Covey and Christina Parker are alleged to have sustained injuries at the hands of defendants, the student plaintiffs have sought medical assistance, counseling and therapy and/or relocated to other school districts. Plaintiffs bring the following causes of action: (1) plaintiff David Covey brings a claim for battery against defendant Daryl Christy; (2) plaintiff David Covey brings a claim for assault against defendant Daryl Christy; (3) plaintiff David Covey brings a claim for intentional infliction of emotional distress against defendants Daryl and Lisa Christy[3]; (4) plaintiff Michael Covey brings a claim for battery against defendants Daryl and Lisa Christy; (5) plaintiff Michael Covey brings a claim for assault against defendants Daryl and Lisa Christy; (6) plaintiff Michael Covey and his parents, plaintiffs Daryl and Sharon Covey, bring a claim for intentional infliction of emotional

---

[2] Of the remaining defendants in this action, Denny Prince, Cynthia Davis, Burse Dills, Randall Fuller are collectively referred to as "Administrative Employees," and Paul Garrett, Ronnie Beason, Terry Mixon, Doug Northcutt and Tonya Adams are collectively referred to as "Board Members."

[3] Defendant Lisa Christy is the wife of defendant Daryl Christy and occasionally served as a substitute teacher for Daryl Christy in the Lexington Public Schools.

distress against defendants Daryl and Lisa Christy; (7) plaintiff Christina Parker and her parents, plaintiffs Jeffrey and Kelly Parker, bring a claim for battery against defendant Daryl Christy; (8) plaintiff Christina Parker brings a claim for assault against defendant Daryl Christy; (9) plaintiff Christina Parker and her parents, plaintiffs Jeffrey and Kelly Parker, bring a claim for intentional infliction of emotional distress against defendant Daryl Christy; (10) all plaintiffs bring claims for negligence, negligent supervision and negligent hiring against defendants Lexington Public Schools, Denny Prince, Randall Fuller, Cynthia Davis, Ronnie Beason, Terry Mixon, Doug Northcutt and Tonya Adams; (11) all plaintiffs bring a claim for fraud against all defendants; and (12) plaintiffs David Covey, Michael Covey and Christina Parker bring a claim for violation of 42 U.S.C. § 1983 - substantive due process against all defendants. Defendants now move to dismiss these claims.

## II.   STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiffs' complaint is not whether they will prevail, but whether they are entitled to offer evidence to support their claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiffs' complaint and view them in a light most favorable to plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiffs' conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.     DISCUSSION

   A.     Standing

Defendants first assert that plaintiffs Daryl and Sharon Covey lack standing to pursue claims on behalf of their child, plaintiff David Covey, and plaintiffs Jeffrey and Kelly Parker lack standing to pursue claims on behalf of their child, plaintiff Christina Parker. Rule 17 of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." The Court previously determined that claims on behalf of the students may not be asserted by the parents where the students have reached the age of majority. As all the student plaintiffs have reached the age of majority, and their names have been added to this action as real parties in interest, the Court finds that plaintiffs Daryl Covey, Sharon Covey, Jeffrey Parker and Kelly Parker all lack standing to assert claims on behalf of their children. Accordingly, the Court grants defendants' motion to dismiss as to standing.

   B.     Time Limitation of Claims

Defendants next assert that plaintiffs David Covey's and Christina Parker's state law tort claims are time-barred. The Notice of Tort Claim giving rise to this case was filed on January 21, 2008. The Governmental Tort Claims Act, the exclusive vehicle of recovery against an Oklahoma political subdivision, requires that all claims against defendants be raised within one year of their occurrence or forever be barred. Defendants allege that David Covey and Christina Parker ceased attending the Lexington Public Schools in May 2007, more than one and a half years prior to the filing of the Notice of Tort Claim. Because any claims arising prior to January 21, 2008 are time-barred, defendants contend that plaintiffs David Covey and Christina Parker may not bring their state law tort claims. Plaintiffs counter that neither David Covey's nor Christina Parker's disabilities

4

have been removed, and Oklahoma law enables them to bring suit for torts until they reach the age of majority or until one (1) year after the disability has been removed, thereby placing these plaintiffs within the statutory time frame.

Oklahoma law provides a statutory tolling period for persons who are "under any legal disability," but the statute does not define the term "legal disability." Okla. Stat. tit. 12, § 96. The Act entitles legally disabled individuals to bring suit for torts until they reach the age of majority or until one (1) year after such disability shall be removed. *Id.* The crux of plaintiffs' allegations in this case is that David Covey and Christina Parker are special needs students. Plaintiffs further argue that defendants' actions which serve as the basis for suit is ongoing to the present day. The Court finds the circumstances of this case warrant application of statutory tolling. Plaintiffs have presented sufficient allegations that David Covey and Christina Parker are legally disabled such that they are entitled to bring their state law tort claims. Accordingly, the Court denies defendants' motion to dismiss as to time limitation of plaintiffs' claims.

C. <u>Intentional Torts against Lexington Public Schools, Administrative Employees and Board Members</u>

The First Amended Complaint's first nine causes of action for the intentional torts of battery, assault and intentional infliction of emotional distress, all include allegations by one or more plaintiff against one or more defendants. Specifically, defendants assert that plaintiffs have failed to state a claim for the intentional torts of battery, assault and intentional infliction of emotional distress against defendants Lexington Public Schools, Administrative Employees or Board Members. As related to Lexington Public Schools, defendants contend the only way the district could be liable for any tortious action of an individual employee is if the employee acted within the scope of his or her employment. Defendants, however, argue the district cannot be liable for any

5

intentional torts of its employees because those torts each include an essential bad faith or bad intent element, which negates a finding that an employee has acted within the scope of his employment as a school employee or official.

Plaintiffs counter that defendants mischaracterize "intentional torts" and fail to use the Oklahoma Uniform Jury Instruction definitions, but rather non sequitur definitions based on phrases in cases and the use of the word "intending" in the Restatement of Torts. As defendant Daryl Christy's actions were ratified by the district, plaintiffs contend that facts must be fleshed out in discovery to determine whether the insidious acts were known to the highest decisionmakers or became custom at the school, thereby satisfying threshold tests for municipal liability.

The Governmental Tort Claims Act provides, in pertinent part, that: "[t]he state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment." Okla. Stat. tit. 51, § 153(A). "'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority...." Okla. Stat. tit. 51, § 152(12). "The above provisions, taken together, immunize a governmental entity falling under the GTCA when, in order to prevail on the particular tort claim sued upon, a plaintiff is required, as a matter of law, to show conduct on the part of a governmental employee that would mandate a determination the employee was not acting in good faith. In other words, when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit." *Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla. 2001).

Having reviewed the parties' submissions, the Court finds that plaintiffs have failed to state a claim for the intentional torts of battery, assault and intentional infliction of emotional distress against Lexington Public Schools, as "there can be no liability against the governmental entity in a GTCA-based suit." *Id.*

To the extent plaintiffs assert claims for the intentional torts of assault, battery and intentional infliction of emotional distress against the individual Administrative Employees and/or Board Members, defendants assert that each of the factual allegations pleaded by plaintiffs in these causes of action enumerates actions allegedly taken by either defendants Daryl or Lisa Christy. Defendants contend the only allegations relating to the Administrative Employees and Board Members in these causes of action are that the Administrative Employees and Board Members "ratified" defendant Daryl Christy's actions by failing to stop his actions, failing to remedy the problem, turning a "blind eye," failing to properly discipline defendant Daryl Christy and failing to apologize to plaintiff David Covey. Having reviewed the parties' submissions, the Court finds that none of these alleged actions or inactions constitute a claim for the intentional torts of battery, assault and intentional infliction of emotional distress against the Administrative Employees or Board Members. Specifically, the Court finds there are no allegations that the Administrative Employees or Board Members ever committed any intentional torts against plaintiffs.

Accordingly, the Court grants defendants' motion to dismiss on plaintiffs' claims for the intentional torts of battery, assault and intentional infliction of emotional distress against defendants Lexington Public Schools, Administrative Employees and Board Members.

D. Negligence claims against Administrative Employees and Board Members

Plaintiffs' tenth cause of action, for negligence, negligent supervision and negligent hiring, is purported to be brought against Administrative Employees and Board Members. Defendants assert this cause of action should be dismissed as to Administrative Employees and Board Members in their individual capacity because the Governmental Tort Claims Act shields school employees and officials from liability for their negligent actions while acting in the scope of their employment. In response, plaintiffs assert that by omission, individual defendants committed negligence. As set forth above, plaintiffs contend the Administrative Employees and Board Members had duties, *e.g.*, duty to provide safe premises, duty to refrain from cruel and unusual punishment of special needs students, duty to report abuse, etc. Plaintiffs further argue that individual defendants had a duty, whether or not they were in the scope of their employment, to report child abuse under Oklahoma state law, Okla. Stat. tit. 10A, § 1-2-101.

"Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking." *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 519 (Okla. 1990). "However, no claim arising from the performance of his duties may be made against [defendant] individually, because 'scope of employment' claims against employees are prohibited by § 163(C) of the Act. Further, if [defendant's] alleged omissions were found to have been outside the scope of employment, a negligence claim against him individually would fail because [defendant] had no duty to act in the preservation of [the minor student] in the absence of a 'special relationship'". *Cooper v. Millwood Indep. School Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. Civ. App. 1994). "Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the

benefit of the plaintiff is a question for the court. Duty of care is not a concept that arises only by statute.... Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury." *Wofford*, 795 P.2d at 519 (internal citation omitted).

According to Professor Prosser:

> The assertion that liability must ... be denied because defendant bears no "duty" to plaintiff "begs the essential question-whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.... [Duty] is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection."

*Id*.

Having reviewed the parties' submissions, the Court finds that plaintiffs have alleged facts to demonstrate that the Administrative Employees and Board Members may have a duty to the student plaintiffs such that plaintiffs' claims for negligence, negligent supervision and/or negligent hiring should proceed at this early stage of litigation. Accordingly, the Court denies defendants' motion to dismiss plaintiffs' claims for negligence, negligent supervision and/or negligent hiring as to Administrative Employees and Board Members in their individual capacity.

### E. Fraud

Plaintiffs' eleventh cause of action, for fraud, is purported to be brought against "all defendants" by "all plaintiffs". Defendants assert that plaintiffs failed to plead their allegations of fraud with particularity. In particular, defendants contend that plaintiffs fail to identify the person

who made any fraudulent statement, when the statements were made, or to whom the statements were made. Plaintiffs counter they have identified numerous fraud matters, specifically as follow:

> 102. By allowing the above allegations to continue every single day from the first day of school in August 2005 through June, 2007, and by knowingly portraying to the parents specifically every single day from the first day of school in August of 2005 through at least April 9, 2007, that all actions taken against minor Plaintiffs were proper, Defendants have perpetrated a fraud upon all Plaintiffs through act and omission. Plaintiffs relied upon Defendants' misrepresentations to their detriment, believing their children to be safely entrusted to Defendants' care.
>
> 103. From August of 2005 to approximately April of 2007, Defendant Lexington Public Schools was reporting that the minor plaintiffs were doing fine. In fact, the children were being abused in the classroom.

First Amended Complaint, ¶¶ 102-103.

Under Oklahoma law, the elements of common law fraud are: (1) a false material misrepresentation; (2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; and (4) which is relied upon by a party to one's detriment. *Gay v. Akin*, 766 P.2d 985, 989 (Okla. 1988) (citations omitted). In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The primary purpose of Rule 9(b) is to afford a defendant fair notice of plaintiffs' claim and of the factual ground upon which it is based. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (overturned on other grounds). A complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences of the fraud. *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citations omitted).

Mindful of the pleading standards required to state a claim for fraud and upon careful review of plaintiffs' fraud allegations, the Court finds the fraud claim is vague and lacking in specifics regarding which particular defendant participated in the alleged fraudulent conduct. Obviously, the very use of the plural "plaintiffs" and plural "defendants" in this claim makes identification of the alleged wrongdoer impossible. Also, plaintiffs set forth in the First Amended Complaint the bare assertion that defendants have perpetrated a fraud upon all plaintiffs through act and omission without specifics as to the underlying factual allegations. The Court finds that plaintiffs' vague and broad allegations fail to provide the respective defendants with adequate notice of their claim and the facts upon which it is based.

Even if plaintiffs' First Amended Complaint was found to plead a cause of action for fraud with particularity against the district, the Court finds that a fraud claim may not be maintained against Lexington Public Schools as a matter of law because the Governmental Torts Claims Act specifically excludes fraud from the definition of "scope of employment." *See* Okla. Stat. tit. 51, § 152 (12). Accordingly, the Court grants defendants' motion to dismiss as to plaintiffs' fraud claim.

F. Section 1983

Turning to the First Amended Complaint's twelfth cause of action, the student plaintiffs allege a violation of 42 U.S.C. § 1983 against the Lexington Public Schools, Administrative Employees and Board Members. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts

under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id*. at 50 (internal citations omitted).

In this case, defendants assert that plaintiff is required to plead facts demonstrating that each individual defendant participated in the conduct while acting under the color of law, resulting in the alleged deprivation of rights, and plaintiffs' sweeping conclusory allegations fail to identify any specific conduct to constitute a deprivation of constitutional rights. However, "[i]n school discipline cases, the substantive due process inquiry is whether the force applied caused injury so sever, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Harris v. Robinson*, 273 F.3d 927, 930 (10th Cir. 2001). Specifically, as related to the Lexington Public Schools and the Board, plaintiffs must identify a policy or custom taken by defendants or taken by an official with final policy making authority. *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1249 (10th Cir. 1999).

Having reviewed the parties' submissions, the Court finds that plaintiffs have sufficiently pled acts and/or omissions of individual defendants which engender a degree of outrageousness and a magnitude of potential or actual harm inflicted upon plaintiffs that is truly conscience shocking. Furthermore, plaintiffs have alleged that the unconstitutional actions of named district employees were representative of an official policy or custom, or were carried out by an official with final policy making authority with respect to the challenged action. Defendants, therefore, are susceptible to liability under Section 1983. Accordingly, the Court denies defendants' motion to dismiss as to plaintiffs' Section 1983 claim.

G. Punitive Damages

Finally, to the extent plaintiffs' First Amended Complaint seeks punitive damages against individual defendants, Lexington Public School, Administrative Employees or Board Members, it is well settled that a political subdivision such as a school district is immune from punitive damages in a civil rights lawsuit brought under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Because a suit against a public official in his or her official capacity is merely another way of suing the governmental entity itself, the same rule applies to suits against governmental officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Under Oklahoma law, punitive damages cannot be rendered in any action or claim against a political subdivision. Okla. Stat. tit. 51, § 154(B). Based upon these well-established authorities, the Court agrees with defendants that plaintiffs are not entitled to punitive damages from Lexington Public Schools or the Administrative Employees, Board Members or remaining defendants sued in their official capacity under Section 1983. Plaintiffs also cannot recover punitive damages from the district under Okla. Stat. tit. 51, § 154(C). Accordingly, the Court grants defendants' motion to dismiss as to punitive damages sought against defendants sued in their official capacity.

H. Defendant Lisa Christy

To the extent that defendant Lisa Christy moves to dismiss plaintiffs' claims as to the issue of standing, the Court has already determined that certain plaintiffs lack standing to bring claims on behalf of the now adult student plaintiffs. This motion is therefore denied as moot.

Defendant Lisa Christy also asserts that plaintiffs' Section 1983 cause of action should be dismissed because nowhere is there any allegation that she was involved in a conspiracy or act in concert with any of the other defendants. Having reviewed the parties' submissions, the Court finds

13

that plaintiffs have sufficiently pled their Section 1983 cause of action such that their claim may proceed against defendant Lisa Christy. Accordingly, the Court denies defendant Lisa Christy's motion to dismiss as to plaintiffs' Section 1983 cause of action.

Defendant Lisa Christy also asserts that plaintiffs' fraud claim must be pled with particularity. As the Court agrees, and previously determined plaintiffs have not sufficiently pled their cause of action for fraud, the Court denies defendant Lisa Christy's motion to dismiss as moot.

### I. Amendment

Plaintiffs move, in the alternative, for leave to amend their Complaint to cure any defects the Court identifies. However, as this action has been pending for more than one year, and during this timeframe, plaintiffs have twice amended their Complaint, the Court determines that plaintiffs should not be permitted to amend their Complaint again. Accordingly, the Court denies the alternative relief requested by plaintiffs.

### IV. CONCLUSION

For reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss [docket no. 45] as follows:

> 1. The Court GRANTS defendants' motion to dismiss as to plaintiffs' standing, the intentional torts of battery, assault and intentional infliction of emotional distress, fraud and punitive damages causes of action, and
>
> 2. The Court DENIES defendants' motion to dismiss as to time limitation and plaintiffs' negligence, negligent supervision and negligent hiring and Section 1983 causes of action.

Furthermore, the Court DENIES defendant Lisa Christy's motion to dismiss [docket no. 47] as follows:

1. The Court DENIES defendant Lisa Christy's motion to dismiss as to plaintiffs' Section 1983 claim, and

2. The Court DENIES as MOOT defendant Lisa Christy's motion to dismiss as to standing and plaintiffs' fraud claim.

Finally, the Court DENIES plaintiffs' motion for leave to amend his Complaint.

**IT IS SO ORDERED this 7th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE