IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARYL AND SHARON COVEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-09-1151-M |
| LEXINGTON PUBLIC SCHOOLS, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court are: defendant Daryl Christy's ("Christy") Motion to Quash Subpoenas *Duces Tecum* to Atoka High School, Bowlegs Public School, Atwood High School, and John Marshall High School ("Motion to Quash"), filed November 11, 2011; plaintiffs' Motion for Protective Order, to Quash Depositions Due to Unavailability, and Request for Sanctions ("Motion for Protective Order"), filed November 21, 2011; and defendants' Motion for Sanctions of Plaintiffs' Counsel ("Motion for Sanctions"), filed November 28, 2011. On November 30, 2011, the Court held a hearing regarding the parties' motions. Based upon the parties' motions and the testimony presented at the hearing, the Court makes its determination.

I.      Discussion

    A.      Motion to Quash

Christy asserts that the subpoena *duces tecum* issued to Atoka High School, Bowlegs Public School, Atwood High School, and John Marshall High School should be quashed because it requests personnel files outside the scope of discovery. In the alternative, Christy requests an *in camera* review of Christy's personnel files to determine what documents contained in the personnel files are subject to discovery. Plaintiffs contend that Christy's personnel files should be subject to discovery

as the files are relevant to establish a pattern of abuse, whether Christy had an imputed knowledge of how to engage with children, and whether defendant Lexington Public Schools was negligent in failing to inquire about Christy's past.

"[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(c)(1)). To that end, the Tenth Circuit has noted that "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). However, "[t]his is not to say personnel files are categorically out-of-bonds." *Id.* at 649.

Here, plaintiffs seek Christy's personnel files from four different schools. Christy contends his personnel files contain tax information, medical records, his social security number, and records concerning his retirement or pension fund. Out of an abundance of caution to avoid disclosure of sensitive personal information, the Court finds it necessary to conduct an *in camera* review of Christy's personnel files as to determine what documents are subject to discovery. Therefore, the parties shall submit copies of Christy's personnel files from Atoka High School, Bowlegs Public School, Atwood High School, and John Marshall High School to the Court on or before December 9, 2011.

      B.    <u>Motion for Protective Order</u>

Plaintiffs assert that defendants have refused to discuss possible dates for deposition and have refused to produce their clients for depositions. At the hearing, the parties agreed to submit an

agreed deposition schedule to the Court on or before December 9, 2011. Accordingly, the Court finds plaintiffs' Motion for Protective Order is moot.

    C.    <u>Motion for Sanctions</u>

Defendants request that the Court sanction plaintiffs' counsel, Alexander L. Bednar ("Bednar"), for his discovery abuse in this matter. Bednar contends that he should not be subject to sanctions because defendants' counsel scheduled deposition times when Bednar was not available.

"[D]istrict courts enjoy very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (internal citation and quotation omitted). More specifically, "the district court has discretion to [] impose sanctions for discovery abuses under Rule 37 . . . ." *Kern River Gas Transmission Co. v. 617 Acres of Land, More or Less, in Salt Lake Cnty., Utah*, 156 Fed. App'x 96, 101 (10th Cir. 2005) (internal citation omitted).

The Court finds that sanctions are necessary to insure that Bednar fulfill his high duty to expedite and soundly manage the preparation of this case for trial. Bednar concedes that he failed to appear for the deposition of Michael Covey, scheduled for November 18, 2011, and for the deposition of Christina Parker, scheduled for November 21, 2011. At the hearing, Bednar explained that he did not appear for the Michael Covey deposition due to miscommunication between he and an unnamed court reporter.[1] Bednar further explained that he did not appear for the Christina Parker deposition because he was unavailable. However, Bednar did not prove at trial that he adequately

---

[1] The Court is perplexed as to how Bednar was confused which deposition was quashed on November 18, 2011. On November 16, 2011, two days prior to the deposition of Michael Covey, the Court issued an Order quashing only the deposition of Christy.

communicated his unavailability to defendants' counsels or to the Court.  Based upon the motions filed and the testimony presented at the hearing, the Court finds it necessary to sanction Bednar $500 for the failure to appear for the deposition of Michael Covey and an additional $500 for the failure to appear for the deposition of Christina Parker.

II.   Conclusion

Accordingly, for the reasons set forth above, the Court:

(1) GRANTS IN PART and DENIES IN PART Christy's Motion to Quash [docket no 111].  The parties shall submit copies of Christy's personnel files from Atoka High School, Bowlegs Public School, Atwood High School, and John Marshall High School to the Court on or before December 9, 2011;

(2) Finds plaintiffs' Motion for Protective Order [docket no. 118] is MOOT.  The parties shall submit an agreed deposition schedule to the Court on or before December 9, 2011; and

(3) GRANTS defendants' Motion for Sanctions [docket no. 122].  Bednar shall pay $500 for the failure to appear for the deposition of Michael Covey and an additional $500 for the failure to appear for the deposition of Christina Parker.  Specifically, Bednar shall pay $500 to The Center for Education Law and $500 to Peck Erdoes & Wenzel PA.

**IT IS SO ORDERED this 2nd day of December, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE