IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARYL AND SHARON COVEY, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEXINGTON PUBLIC SCHOOLS, et al., ) <br> ) <br> Defendants. ) | Case No. CIV-09-1151-M |

## ORDER

This case is scheduled for trial on the Court's March 2012 trial docket.

Before the Court is plaintiff Michael Covey's ("Covey") Motion for Partial Summary Judgment Against Lisa Christy ("Christy"), filed December 30, 2011. On January 12, 2012, Christy filed her response. Covey did not filed a reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Covey was a student at Lexington Public School, where Christy served as a substitute teacher. According to Covey, Christy shoved Covey from behind while at a gas station.[1] Covey alleges that Christy said the shove "was repercussion for the way [Covey] was talking to [his] mom." Covey Transcript [docket 206], Ex. 1, p. 162.

After the initial shove, Covey asked Christy not to shove him again. Christy shoved him again at the gas station. Covey did not seek medical attention for any physical injuries resulting from Christy's shoves, but he did discuss the shoves with his psychologist, Dr. William F. Schmid.

---

[1]Covey's Motion for Partial Summary Judgment states that Christy hit Covey. [docket no. 181], at p.1. However, a review of Covey's deposition transcript reveals that Covey testified that Christy shoved him. Covey Transcript [206], Ex. 1, pp. 160-61.

On October 21, 2009, plaintiffs filed their Complaint, alleging, *inter alia*, assault, battery, and violation of 42 U.S.C. § 1983. Covey now moves for partial summary judgment as to his claims for assault and battery against Christy. Covey further requests the Court to have a hearing on damages.

II.     Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

    A.     Assault and Battery

Under Oklahoma law, in order to establish a claim of assault, a plaintiff must prove that: (1)

the defendant acted either with the intent of making a harmful or offensive contact with plaintiff's person or with the intent of putting plaintiff in apprehension of such a contact; and (2) plaintiff was placed in apprehension of an immediate harmful or offensive contact with his person by the conduct of the defendant; or plaintiff was caused to suffer fright and terror. OUJI-Civ. No. 19.1. A harmful contact is one that causes physical pain, injury, or illness. OUJI-Civ. No. 19.7. An offensive contact is one that would offend another's reasonable sense of personal dignity. *Id.*

In order to establish a claim of battery, a plaintiff must prove that: (1) the defendant, without consent of plaintiff, acted either with the intent of making a harmful or offensive contact with the plaintiff or with the intent of putting the plaintiff in apprehension of such a contact; and (2) the defendant's act resulted in a harmful or offensive contact with the plaintiff. OUJI-Civ. No. 19.6.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Christy and viewing all reasonable inferences in Christy's favor, the Court finds that there is a genuine issue of material fact as to whether Christy's shoves were done with the intent of making harmful or offensive contact. Specifically, based upon the evidence presented, the Court finds that a jury could reasonably infer that Christy did not intend to cause physical pain, injury, or illness to Covey because Christy's shoves were not forceful enough to require any medical attention. Furthermore, a jury could reasonably find that Christy's shoves did not offend Covey's reasonable sense of personal dignity if the jury determines that the shoves were a reasonable repercussion for the way Covey was talking to his mother.

Moreover, the Court finds that there is a genuine issue of material fact as to whether Christy intended to put Covey in apprehension of immediate harmful or offensive contact. Specifically, based upon the evidence presented, the Court finds that a jury could reasonably find that Christy did

not intend to put Covey in apprehension of immediate harmful or offensive contact because Christy's initial shove was from behind. Furthermore, a reasonable jury could not infer that the second shove put Covey in apprehension of immediate harmful or offensive contact because the evidence does not provide sufficient details of the second shove.

Accordingly, the Court finds that Covey is not entitled to summary judgment as to his claims for assault and battery.

### B. Damages

In light of the Court's finding that Covey is not entitled to summary judgment as to his claims for assault and battery, the Court further finds a hearing for damages is premature. Accordingly, the Court denies Covey's request for a hearing on damages.

### IV. Conclusion

For the reasons set forth above, the Court DENIES Covey's Motion for Partial Summary Judgment Against Christy [docket no. 181].

**IT IS SO ORDERED this 23rd day of January, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE